UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREATIVE MOBILE TECHNOLOGIES, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>FLYWHEEL SOFTWARE, INC.,<br><br>  Defendant. | Case No.  16-cv-02560-SK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Regarding Docket No. 4 |

Plaintiff CREATIVE MOBILE TECHNOLOGIES, LLC moves to file portions of the text of the Complaint and Exhibit A in its entirety under seal.  (Dkt. 4.)  The Court GRANTS in part and DENIES in part the motion.

A.   **LEGAL STANDARD**

A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5; and (2) rebut "a strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials.  *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citation and quotations omitted).

Local Rule 79-5 requires, as a threshold, that the request: (1) "establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" and (2) is "narrowly tailored to seek sealing only of sealable material."  Civ. L.R. 79-5(b).  An administrative motion to seal must also fulfill the requirements of Civil Local Rule 79-5(d).  "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof,

are sealable." Civil L.R. 79-5(d)(1)(A).

The showing required for overcoming the strong presumption of access depends on the type of motion to which the document is attached. "[A] 'compelling reasons' standard applies to most judicial records. This standard derives from the common law right to 'inspect and copy public records and documents, including judicial records and documents.'" *Pintos v. Pacific Creditors Association,* 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597 n.7 (1978)). To overcome this strong presumption, the party seeking to seal a judicial record must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana,* 447 F.3d at 1178-79 (internal citations omitted).

Records attached to motions that are only "tangentially related to the merits of the case" are not subject to the strong presumption of access." *Center for Auto Safety v. Chrysler Group LLC,* 809 F.3d 1092, 1101 (9th Cir. 2016). Instead, a party need only make a showing under the good cause standard of Rule 26(c) to justify the sealing of the materials. *Id.* at 1097. A court may, for good cause, keep documents confidential "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c). Thereafter, a district court must "articulate [the]…reasoning or findings underlying its decision to seal." *Apple Inc. v. Psystar Corp.,* 658 F.3d 1150, 1162 (9th Cir. 2011).

**B.    DISCUSSION**

Plaintiff seeks to file under seal Exhibit A, the entire contract between itself and Defendant Flywheel Software, Inc., as well as those portions of the Complaint that refer to the obligations set forth in the contract. The basis of Plaintiff's motion is that the parties are bound by the confidentiality provision found at paragraph 8 of Exhibit A, and Defendant has not consented to the disclosure of the terms of the agreement. (Dkt. 4-1, ¶¶ 3 and 4.)

As noted above, a stipulation, or in this case, a contract term, is insufficient to render a document confidential. This basis for Plaintiff's request alone is insufficient to seal Exhibit A. However, given that the Defendant has not yet appeared and that Defendant may argue that the terms of Exhibit A contain trade secret information, this Court is willing for present purposes of

this filing, to permit the redaction of portions of Exhibit A and the Complaint in an effort to more "narrowly tailor" the sealing of those portions of the Exhibit A which arguably, although not definitively, may be considered protected trade secret. The Court will revisit this issue in the future at which time sealing may be refused. This information includes the following:

Complaint (Dkt. 1): at page 7: lines 6-7; and page 9: line 25;

Exhibit A (Dkt. 4-6), numbered paragraphs 1, 2, 3, 6, 7, 9, 10.

## C. CONCLUSION

The Court grants in part and denies in part Plaintiff's administrative motion to file under seal, as described immediately above. The Plaintiff shall file a redacted version of the Complaint and Exhibit A which comports with this order within 7 days, as required by Civil Local Rule 79-5(f)(3).

**IT IS SO ORDERED**.

Dated: May 19, 2016

_____
SALLIE KIM
United States Magistrate Judge