United States District Court
Northern District of California

1

2

3

4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7    CREATIVE MOBILE TECHNOLOGIES,          Case No.  16-cv-02560-SI
     LLC,

8                  Plaintiff/Counter-Defendant,
                                             ORDER GRANTING
9         v.                                 PLAINTIFF/COUNTER-DEFENDANT'S
                                             MOTION TO DISMISS AMENDED
10   FLYWHEEL SOFTWARE, INC.,                COUNTERCLAIM

11                Defendant/Counterclaimant.  Re: Dkt. No. 42

12

13        Now before the Court is the motion by plaintiff and counter-defendant Creative Mobile

14   Technologies, LLC ("CMT") to dismiss the first amended counterclaim of defendant and

15   counterclaimant Flywheel Software, Inc. ("Flywheel").  Dkt. No. 42.  This motion is scheduled to

16   be heard on December 9, 2016.  Pursuant to Civil Local Rule 7-1(b), the Court determines that this

17   matter is appropriate for resolution without oral argument and VACATES the hearing.  For the

18   reasons set forth below, the Court GRANTS CMT's motion to dismiss the amended counterclaim,

19   with leave to amend.

20

21                              BACKGROUND

22        The factual background of this case is laid out in the Court's October 5, 2016 order

23   granting CMT's motion to dismiss Flywheel's counterclaims and will be restated only briefly

24   here.  In its complaint, CMT alleges that it designed and developed technology to allow taxicabs

25   to process credit card payments from riders.  Dkt. No. 1, Compl. ¶¶ 8-9.  CMT "then contracted

26   with numerous taxi fleets nationwide . . . to install the CMT Hardware in their taxicabs."  *Id.* ¶ 9.

27   Under the contracts, CMT would purchase and install CMT Hardware at no upfront cost to the taxi

28   fleet partners, for use by their taxicab drivers.  *Id.*  In exchange, the taxi fleet partners agreed "to

process all electronic passenger payments exclusively through CMT's payment processor throughout the duration of the contract." *Id.*

Defendant Flywheel developed a mobile "e-hailing" application for smartphones that also allows for credit card processing of taxicab rides. *Id.* ¶¶ 14-15.  CMT alleges in its complaint that Flywheel's application violates CMT's exclusivity agreements with its taxi fleet partners in San Francisco. *Id.* ¶ 17.  On or around December 4, 2014, CMT and Flywheel entered into a contract that CMT now alleges Flywheel is violating by continuing to process debit or credit card transactions from riders in taxicabs that have exclusivity agreements with CMT. *Id.* ¶¶ 19, 23.

CMT filed its complaint against Flywheel on May 11, 2016.  Dkt. No. 1.  On June 20, 2016, Flywheel answered the complaint and brought two counterclaims for unlawful restraint of trade and unfair competition.  Dkt. No. 16.  On October 5, 2016, upon CMT's motion, the Court dismissed Flywheel's counterclaims with leave to amend.  Dkt. No. 38.  Flywheel filed an amended counterclaim on October 19, 2016, dropping its counterclaim for unlawful restraint of trade but continuing to allege violations of unfair competition law.  Dkt. No. 40.  CMT has now moved to dismiss Flywheel's sole remaining counterclaim.  Dkt. No. 42.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

United States District Court
Northern District of California

2

United States District Court
Northern District of California

In reviewing a Rule 12(b)(6) motion to dismiss a counterclaim, a district court must accept as true all facts alleged in the counterclaim, and draw all reasonable inferences in favor of the claimant.  *See al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009).  However, a district court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig*., 536 F.3d 1049, 1055 (9th Cir. 2008).

If the Court dismisses a complaint, it must decide whether to grant leave to amend.  The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

In previously granting CMT's motion to dismiss the counterclaims, the Court found that Flywheel had failed to allege a violation of antitrust law because it had not sufficiently alleged that CMT has market power within a relevant market.  Dkt. No. 38 at 5-6.  The Court also dismissed Flywheel's claims for unfair competition, which it construed as brought under California's unfair competition law ("UCL"), which prohibits "any unlawful, unfair or fraudulent business act or practice."  *See* Cal. Bus. & Prof. Code § 17200.  The Court found that Flywheel could not plead a violation of the "unlawful" prong of the UCL because it had failed to plead a violation of antitrust law.  Dkt. No. 38 at 7.  The Court also dismissed Flywheel's claim under the "unfair" prong of the UCL, finding the allegations did not suffice to meet the federal pleading standard.  *Id.* at 8.

Flywheel now pursues its amended counterclaim solely under the "unfair" prong of the UCL.  Dkt. No. 47, Oppo. at 5.  In amending its counterclaim, Flywheel has added allegations that the Court now finds continue to lack the specificity needed to raise the allegations "above the speculative level."  *See Twombly*, 550 U.S. at 555, 570.

As previously discussed, actions by a competitor alleging anti-competitive actions under the UCL are governed by the California Supreme Court's decision in *Cel-Tech Communications,*

3

*Inc. v. Los Angeles Cellular Telephone Company*, 20 Cal. 4th 163 (1999).  There, the court explained that the scope of California's UCL "is sweeping, [though] it is not unlimited."  *Cel-Tech*, 20 Cal. 4th at 182.  The court declared:

> [T]o guide courts and the business community adequately and to promote consumer protection, we must require that any finding of unfairness to competitors under section 17200 be tethered to some legislatively declared policy or proof of some actual or threatened impact on competition.  We thus adopt the following test: When a plaintiff who claims to have suffered injury from a direct competitor's "unfair" act or practice invokes section 17200, the word "unfair" in that section means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition.

*Id.* at 186-87.

Here, Flywheel has failed to allege sufficient facts to meet the *Cel-Tech* standard.  The additional allegations of the amended counterclaim suffer from the same conclusory gaps that previously led the Court to dismiss the counterclaims.  For instance, Flywheel now alleges that "CMT's Restraining Agreements have had and continue to have an unfair anticompetitive effect on competition."  Dkt. No. 40, Am. Counterclaim ¶ 9.  Yet Flywheel provides no detail to support this assertion.  *See Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1136-37 (9th Cir. 2014) (general allegations that defendant's practices "harms competition by favoring businesses that submit to [defendant's] manipulative conduct and purchase advertising to the detriment of competing businesses that decline to purchase advertising" do not suffice under *Cel-Tech*).  Similarly, Flywheel states that taxi companies "have been coerced not to do business with [Flywheel]"[1] but gives no "further factual enhancement" regarding the alleged coercion.  *See id.* ¶ 12; *Twombly*, 550 U.S. at 557.  Flywheel alleges that "CMT has threatened Flywheel of interfering with the Restraining Agreements[,]" but the counterclaim does not allege any facts detailing the alleged threats or showing how such threats have actually impacted Flywheel's actions or have affected its business

---

[1] This allegation reads in full, "Also, those Subject Taxi Companies that have been coerced not to do business with **CMT** have been significantly harmed by not having a competitive response to other e-hailing companies."  Am. Counterclaim ¶ 12 (emphasis added).  The Court presumes that this is an error and that Flywheel intends to state that the taxi companies "have been coerced not to do business with **Flywheel**."

dealings with the taxi companies at issue.  *See* Am. Counterclaim ¶ 11.

By choosing not to amend its antitrust counterclaim, Flywheel leaves the Court to wonder precisely what conduct Flywheel alleges "violates the 'policy and spirit' of the antitrust laws without violating the actual laws themselves."  *See Synopsys, Inc. v. ATopTech, Inc.*, No. 13-2965-MMC, 2015 WL 4719048, at *10 (N.D. Cal. Aug. 7, 2015) (dismissing UCL claim with leave to amend).  As the court in *Synopsys* explained, *Cel-Tech* involved an "unusual" aspect of alleged misconduct, namely, that the defendant accused of selling cellular telephones below cost was "one of two holders of a lucrative government-licensed duopoly that enabled [the defendant] to subsidize massive losses . . . with . . . profits which by law were unavailable to its competitors."  *Id.* at *10 (citing *Cel-Tech*, 20 Cal. 4th at 188-90) (internal quotation marks omitted).  Although the California Supreme Court in *Cel-Tech* remanded to the trial court to determine whether the challenged conduct was unfair, the court stated in dicta that the plaintiffs may be able to state a UCL claim because "[t]his case has an unusual circumstance . . . : L.A. Cellular's position as a wholesale duopolist."  20 Cal. 4th at 189.  Flywheel has alleged no such unusual circumstances here, and it has not amended the antitrust counterclaim that the Court previously found deficient.

Flywheel's counterclaim also continues to lack anything more than conclusory allegations to show that it "lost money or property as a result of the unfair competition."  *See* Cal. Bus. Prof. Code § 17204.  Flywheel now asserts that, "[a]s a direct consequence of CMT's practices, [it] has lost substantial business opportunities in California and elsewhere."  Am. Counterclaim ¶ 12.  This bare allegation does not plausibly allege a loss of money or property.  Flywheel also states that it "has been directly harmed by CMT's business practices," but the countercomplaint is lacking in allegations that would support this position.  *See id.* ¶ 16.

CMT further moves to strike Flywheel's prayer for damages, attorney's fees and costs.  Dkt. No. 42, Mot. at 10-11.  Flywheel acknowledges that relief under the UCL is "generally limited to injunctive relief and restitution" and thus does not dispute that its damages claim should be stricken.  Oppo. at 10; *see also Cel-Tech*, 20 Cal. 4th at 179.  The Court therefore GRANTS CMT's request to strike Flywheel's prayer for damages.  Flywheel disputes, however, that its prayer for attorney's fees should be stricken, asserting that it will seek attorney's fees not pursuant

to the UCL but under the private attorney general theory of California Code of Civil Procedure section 1021.5.  Oppo. at 10.  The Court will reserve the issue of attorney's fees for another day.

CMT urges that the Court dismiss Flywheel's counterclaim with prejudice.  However, because the Court finds that Flywheel's counterclaim could be cured by the allegations of other facts, it will afford Flywheel one more opportunity to amend.  *See  Lopez*, 203 F.3d at 1130.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS CMT's motion to dismiss Flywheel's amended counterclaim, with leave to amend.  Any further amended counterclaim must be filed **no later than December 20, 2016.**

**IT IS SO ORDERED**.

Dated:   December 6, 2016

SUSAN ILLSTON
United States District Judge